UNITED STATES v. SWAN.

(District Court, E. D. Missouri, E. D.   June 15, 1904.)

1. FORGERY—PENSION AFFIDAVIT—STATUTES—CONSTRUCTION.

The forgery of an affidavit by a pensioner, to be used in contesting his deserted wife's claim for one-half of his pension, as authorized by Act March 3, 1899, c. 460, § 1, 30 Stat. 1379 [U. S. Comp. St. 1901, p. 3288], is not an offense within Rev. St. U. S. § 5421 [U. S. Comp. St. 1901, p. 3667], providing that any person who falsely forges any writing for the purpose of obtaining or receiving, or enabling any other person, directly or indirectly, to receive, from the United States, any sum of money, shall be imprisoned, etc.

Motion in Arrest of Judgment.

D. P. Dyer, U. S. Dist. Atty.
J. J. Howard, for defendant.

ADAMS, District Judge.   The accused was indicted under the provisions of section 5421 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3667], which reads as follows:

"Every person who falsely makes, alters, forges, or counterfeits * * * any deed, power of attorney, order, certificate, receipt, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum of money, * * * shall be imprisoned," etc.

He was tried, and found guilty as charged.

The particular charge laid in the indictment against the accused is that he forged an affidavit by signing the name of Alvin G. Burkey to it, and, after so doing, forwarded the same to the Commissioner of Pensions at Washington "for the purpose of obtaining from the United States a sum of money, to wit, the sum of $12 per month." From other averments of the indictment it appears that the accused, Swan, was a pensioner of the United States, receiving a fixed pension of $12 per month; that Martha J. Swan, his wife, pursuant to the provisions of the act of March 3, 1899, c. 460, § 1, 30 Stat. 1379 [U. S. Comp. St. 1901, p. 3288], presented her claim for one-half of her husband's pension on the alleged ground that she had been deserted by him, and was of good moral character, and in necessitous circumstances; and that, while her claim was so pending before the Commissioner of Pensions, Swan made and used the forged affidavit set out in the indictment by way of resisting or defending against the claim of his wife. The motion in arrest, now under consideration, raises the question whether the making and using of the forged affidavit for such a purpose is within the comprehension of section 5421, supra. The indictment discloses that Swan's imme-

diate purpose was to make use of the forged writing to prevent his wife's obtaining one-half of the pension, which had already been allowed to him. It is contended by the United States attorney that the effect of his act was to enable him to continue to draw the whole amount of his pension which had been theretofore granted to him. The argument is that, if he could defeat his wife's claim, he would thereafter collect it all as he had done theretofore, and, for this reason, that the use of the forged writing to defeat her claim was, in effect, the use of the writing to obtain the money himself. The offense denounced by section 5421 obviously is the making of the forged writing in aid of a claim against the United States, with the purpose and intent of thereby obtaining for the claimant, or some other person, a sum of money from the United States. The forged writing must have such direct relation to the object to be accomplished as to evince an intent or purpose on the part of the forger to thereby obtain money. The gist of the offense is as much the wrongful obtaining of the money as the forgery of the means to do so. Both of these elements must concur to constitute the offense. The forged writing must obviously be the means whereby the money was intended to be secured. In the light of these obvious reflections, what does the indictment disclose? Swan's real intent and purpose was to prevent the United States from paying money to his wife. She was making a claim for it, and he, instead of aiding her, was resisting the claim made by her. He was making no claim against the United States for himself. His right had already been established. At the worst, his remote intent and purpose was to defend and protect an existing right of his own, and not to extract any more money than was due him, but to prevent its division with his wife. This remote intent and purpose is not, in my opinion, the proximate actuating intent and purpose denounced by the statute in question. A penal statute should not be extended by implication. As said by a distinguished English jurist: "It would be exceedingly wrong that a man should, by a long train of conclusions, be reasoned into a penalty, when the express words of the act of Parliament do not authorize it." Rex v. Bond, 1 B. & Ald. 392. "Penal statutes are not enlarged by intendment, and acts not expressly forbidden by them cannot be reached merely because of their resemblance, or because they may be equally and in the same way demoralizing and injurious; * * * nor can a statute be extended beyond its grammatical sense or natural meaning by any plea of failure of justice." Sutherland on Statutory Construction, §§ 352, 355, and cases cited. The plain and natural meaning of the language employed in section 5421 is, in my opinion, to prevent the making or using of a forged writing in asserting a claim against the United States for the purpose of obtaining money on that claim, and it would, in my opinion, be a strained and unwarranted construction of this highly penal statute to hold that a forged writing made to resist a claim asserted against the United States would fall within its comprehension merely because the ulterior effect of the claim, if successful, would prevent the forger from collecting from the United States an amount of money otherwise conceded to be due him. To extend the statute to cover such

a state of facts would involve a train of reasoning resulting in new legislation, rather than in the construction of an existing statute. This kind of argument might prevail in a civil action, but it is too indirect and forced for a criminal case.

The motion in arrest must be sustained.